UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JAMES SHEA,                            :
                                       :
              PLAINTIFF,               :        09 Civ. 8709(THK)
                                       :
                                       :        **MEMORANDUM OPINION**
                                       :        **AND ORDER**
         -against-                     :
                                       :
                                       :
ROYAL ENTERPRISES, INC. and            :
9ᵗʰ STREET VENTURES, LTD.,             :
                                       :
                                       :
              DEFENDANTS.              :
                                       :
-----------------------------------X

**THEODORE H. KATZ, United States Magistrate Judge.**

This is an action seeking damages for the bodily injuries
sustained by Plaintiff James Shea, in an accident occurring on the
evening of February 28, 2009, in a bar/restaurant known as "Solas,"
operated by Defendant 9th Street Ventures, Inc. ("9th Street
Ventures").  9th Street Ventures leased the premises from the
Defendant-owner of the property, Royal Enterprises, Inc. ("Royal").

Presently before the Court is Defendant Royal's motion for
summary judgment, in which Royal contends that it is entitled to
contractual and common law indemnification from 9th Street
Ventures.  Both 9th Street Ventures and Plaintiff oppose the
motion.[1]

_____

[1] The Court's jurisdiction is based on diversity of
citizenship, under 28 U.S.C. § 1332.  The parties have consented
to proceed before this Court for all purposes, pursuant to 28
U.S.C. § 636©.

**FACTUAL BACKGROUND**

On the night of the accident in issue, Plaintiff was a patron at the Solas bar, located at 230-232 East 9th Street in Manhattan. After consuming some alcoholic beverages both before and while at the bar, Plaintiff attempted to go to the restroom.  He mistakenly went down a set of stairs that led to the coat check room rather than the restroom.  He contends that the stairs were poorly lit and that the tread widths were narrower than required by the New York City Building Code.  As a result, he lost his footing on the second or third step from the top of the stairway, hit his head on an overhang, and tumbled down the remainder of the steps.  Plaintiff sustained multiple skull fractures, a subarachnoid hemorrhage, damage to brain tissue, and traumatic brain injury.

At the time of the accident, the bar was owned and operated by 9th Street Ventures, the tenant on the premises.  Defendant Royal was an out-of-possession landlord.  There are several provisions of the Lease between Royal and 9th Street Ventures that the parties cite as being relevant to the instant motion.

Paragraph 8 of the Lease states, in pertinent part:

Tenant agrees, at Tenant's sole cost and expense, to maintain general public liability insurance in standard form, in favor of Landlord and Tenant against claims for bodily injury or death . . . occurring in or upon the demised premises, effective from the date Tenant enters

2

into possession . . . .

Paragraph 42 of the Rider to the Lease states:

> Tenant and Landlord expressly agree that they will hold
> each other harmless and indemnify the other for any
> against any an all liability damage, suits or judgments
> arising from any injury or damage during said term to
> person or property of any nature occasioned by a
> negligent act or omission of either the Landlord or
> Tenant.

Finally, Paragraph 43 of the Rider to the Lease states, in
pertinent part:

> Tenant shall, at its own cost and expense, during the
> term hereof, retain and deliver to Landlord, public
> liability and property damage and plate glass insurance
> policies, with respect to the Demised Premises, in which
> policies both Landlord and Tenant shall be named as
> insured.  The limits of liability shall be at least
> $1,000,000.00 for injury or death to any one person and
> $3,000,000.00 for any one accident . . . .

Although Royal has its own insurance, based on the terms of
the Lease and the fact that Royal was an out-of-possession
landlord, Royal's insurer, Travelers, tendered the defense and
indemnification to Specialty Insurance, 9th Street Venture's
insurer.  Specialty disclaimed Travelers' tender, stating that
Royal was not named as an additional insured on the policy issued
to 9th Street Ventures.  Royal asserts that 9th Street Ventures
breached its contractual obligation under the Lease, in failing to
provide defense and indemnification to Royal.  The instant motion,
however, is based solely on claims for indemnification.

3

## DISCUSSION

I. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53 (1986); Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 98 (2d Cir. 2003). The burden of demonstrating the absence of any genuine dispute as to material facts rests upon the party seeking summary judgment. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970); Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). Once a properly supported motion for summary judgment has been submitted, the burden shifts to the non-moving party to make a sufficient showing to establish the essential elements of the claims on which it bears the burden of proof at trial. See Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003); Peck v. Pub. Serv. Mut. Ins. Co., 326 F.3d 330, 337 (2d Cir. 2003) (citing Celotex, 477 U.S. at 323, 106 S. Ct. at 2553).

In assessing the record to determine whether there is a

4

genuine issue to be tried as to any material fact, courts are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986); McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006). However, the non-moving party must put forth "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). A summary judgment "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). The non-moving party may not rely on its pleadings, mere allegations, simple denials, conclusory statements, or conjecture to create a genuine issue for trial. See Anderson, 477 U.S. at 256-57, 106 S. Ct. at 2514; Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007).

II. Contractual Indemnity

Relying on Paragraph 42 of the Rider to the Lease, Royal contends that 9th Street Ventures is required to hold Royal harmless and indemnify Royal against all liability damage arising from 9th Street Venture's occupancy of the premises — specifically, the liability arising from Plaintiff's accident. 9th Street Ventures responds that the Lease's indemnification provision is unenforceable under New York's General Obligations Law § 5-321,

5

and, in any event, any claim for indemnification is premature because, as yet, there has been no finding of liability against Royal or 9th Street Ventures. Plaintiff also opposes the motion, arguing: (1) the indemnification and insurance procurement provisions contained in the Rider to the Lease are unenforceable because the Rider was not signed by 9th Street Ventures and, thus, violates the Statute of Frauds; and (2) even if the Rider provisions are binding on the parties, they are (a) unenforceable under the General Obligations Law because they exempt the landlord from liability for injury caused by its own negligence, and (b) void under the New York Real Property Law as Royal knowingly allowed the premises to be used as a drinking establishment, in violation of the Certificate of Occupancy, and allowed the basement area to be used for public assembly without a proper permit.

A. Statute of Frauds

Plaintiff argues that the indemnification provision contained in the Rider is unenforceable because the Rider was not signed by 9th Street Ventures and, therefore, fails to comply with the Statute of Frauds. This argument is meritless.

New York's General Obligations Law § 5-701, which is a statutory embodiment of the Statute of Frauds, holds that every agreement for which performance is not to be completed within one year is void unless it or some memorandum acknowledging the

6

agreement is in writing and subscribed by the parties to the agreement. As an initial matter, as Plaintiff is not a party to the Lease, he lacks standing to assert the Statute of Frauds as an affirmative defense. Cf. Harris v. Stony Clove Lake Acres Inc., 202 A.D.2d 745, 746, 608 N.Y.S.2d 584 (3d Dep't 1994) ("affirmative defenses asserting improper service, failure to comply with the Statute of Frauds . . . may only be claimed by" corporate party to agreement); County of Tioga v. Solid Waste Ind. Inc., 178 A.D.2d 873, 874, 577 N.Y.S.2d 922 (3d Dep't 1991) (finding that the affirmative defense of lack of consideration is personal to the parties to the contract); Raoul v. Olde Village Hall, Inc., 76 A.D.2d 319, 323, 430 N.Y.S.2d 214, 217 (2d Dep't 1980) (assignee of a contract vendee of property had the right to interpose the Statute of Frauds as a defense); Marine Midland Bank-Eastern Nat'l Assocs., 55 A.D.2d 803, 804, 390 N.Y.S.2d 264 (3d Dep't 1976) (non-parties to mortgage lacked standing to challenge the validity of the mortgage); Continental Cas. Co. v. Employers Ins. Co. of Wausau, 839 N.Y.S.2d 403, 415 (N.Y. Sup. Ct. N.Y. Cty. 2007) ("Defenses such as laches, waiver, ratification, estoppel, and statute of limitations are affirmative defenses, which are based upon the individual actions of the party against whom the defenses are asserted, and the circumstances supporting such defenses all arise outside the terms of the policy. Those defenses are personal

7

to defendant . . . ."); <u>Gracie Tower Realty Assocs. v. Danos Floral Co.</u>, 142 Misc.2d 920, 922, 538 N.Y.S.2d 680 (N.Y. Cty. Civil Ct. 1989) (a non-party to an oral contract may not interpose the Statute of Frauds).

Moreover, a party to an agreement may waive reliance on the requirement that the agreement be reduced to writing and signed. <u>See</u> <u>Ryan v. Kellogg Partners Institutional Servs.</u>, __ N.Y.2d __, 2010 WL 4941490, at *1 (1st Dep't Dec. 7, 2010); <u>Bourdeau Bros., Inc. v. Bennett</u>, 74 A.D.3d 1542, 1542, 801 N.Y.S.2d 878 (3d Dep't 2010); <u>Kuhl v. Piatelli</u>, 31 A.D.3d 1038, 1039, 820 N.Y.S.2d 149, 151 (3d Dep't 2006).  9th Street Ventures has not relied on the Statute of Frauds in opposing Royal's motion.  Instead, for purposes of the motion, it assumes that the indemnification provision in the Rider is controlling, and merely reserves the right to argue otherwise to the extent that there are discrepancies between the indemnification provision in the Lease and that contained in the Rider. (<u>See</u> Defendant 9th Street Ventures, Ltd.'s Memorandum of Law in Opposition to Defendant Royal Enterprises, Inc.'s Motion for Summary Judgment ("9th Street Mem."), at 3 n.1.) In addition, 9th Street Ventures failed to plead the Statute of Frauds as an affirmative defense in its Answer, thus waiving reliance on the Statute of Frauds. <u>See</u> <u>Ryan</u>, 2010 WL 4941490, at *1; <u>Roland v. Benson</u>, 30 A.D.3d 398, 399, 816 N.Y.S.2d 10 (2d Dep't

8

2006); <u>Raoul</u>, 76 A.D.2d at 333, 430 N.Y.S.2d at 223.

> In any event, under New York law, the Statute of Frauds
> does not require the writing to be in one document. It
> may be pieced together out of separate writings,
> connected with one another expressly or by internal
> evidence of subject matter and occasion. The terms of an
> agreement between parties may be established by a
> combination of signed and unsigned documents, letters or
> other writings provided at least one writing, the one
> establishing a contractual relationship between the
> parties, must bear the signature of the party to be
> charged . . ., while the unsigned document must on its
> face refer to the same transaction as that set forth in
> the one that was signed.

<u>Meadow Ridge Capital, LLC v. Levi</u>, No. 006594-10, 2010 WL 4668323,
at *10 (N.Y. Sup. Ct. Nassau Cty.). <u>See also</u> <u>Intercontinental
Planning, Ltd. v. Dastrom, Inc.</u>, 24 N.Y.2d 372, 379, 300 N.Y.S.2d
817, 822 (1969); <u>Marks v. Cowdin</u>, 266 N.Y. 138, 145 (1919).

Here, the Lease and Rider clearly refer to the same
transaction — the rental of the premises by 9th Street Ventures —
and there is no dispute that the Lease itself was signed on behalf
of Royal and 9th Street Ventures. Thus, the absence of 9th Street
Venture's signature on the Rider does not render the
indemnification provision of the Rider unenforceable under the
Statute of Frauds.

B. <u>General Obligations Law § 5-321</u>

Both 9th Street Ventures and Plaintiff argue that the
indemnification provision in the Rider is unenforceable and void

9

against public policy because it indemnifies Royal for its own negligence. They cite to General Obligations Law ("GOL") § 5-321, which provides:

> Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to void against public policy and wholly unenforceable.

GOL § 5-321 (McKinney's 2001).

However, the General Obligations Law, standing alone, does not preclude the possibility of Royal's indemnification. The New York Court of Appeals has held indemnification provisions to be valid even when they indemnify landlords for their own negligence, so long as they are negotiated between two sophisticated parties and are coupled with an insurance procurement requirement. Under such circumstances,

> [the landlord] is not exempting itself from liability to the victim for its own negligence. Rather, the parties are allocating the risk of liability to third parties between themselves, essentially through the employment of insurance. Courts do not, as a general matter, look unfavorably on agreements which, by requiring parties to carry insurance, afford protection to the public.

Hogeland v. Sibley, Lindsay & Curr Co., 42 N.Y.2d 153, 161 (1977); accord Great Northern Ins. Co. v. Interior Constr. Co., 7 N.Y.3d

10

412, 418-19, 823 N.Y.S.2d 765 (2006) ("Where, as here, a lessor and lessee freely enter into an indemnification agreement whereby they use insurance to allocate the risk of liability to third parties between themselves, General Obligations Law § 5-321 does not prohibit indemnity."); Castano v. Zee-Jay Realty Co., 55 A.D.3d 770, 772, 866 N.Y.S.2d 700, 701 (2d Dep't 2008) (same).[2]

Whether 9th Street Ventures is obligated to indemnify Royal therefore turns on the indemnification provision in the Rider to the Lease; that is, "the right to contractual indemnification depends on the specific language of the contract." Martinez v. City of New York, 73 A.D.3d 993, 998-99, 901 N.Y.S.2d 339 (2d Dep't 2010). "Courts will construe a contract to provide indemnity to a party for its own negligence only where the contractual language evinces an unmistakable intent to indemnify." Great Northern, 7 N.Y.3d at 417, 823 N.Y.S.2d at 676; accord Gross v. Sweet, 49 N.Y.2d 102, 107, 424 N.Y.S.2d 365 (1979); see also Martins v. Little 40 Worth Assocs., Inc., 72 A.D.3d 483, 484, 899 N.Y.S.2d 30, 32 (1st Dep't 2010) ("Entitlement to full contractual indemnification requires a clear expression or implication, from

---

[2] By contrast, a landlord cannot exempt itself from liability for its own negligence when the injury results to the tenant, not a third party to the lease. See, e.g., Mendieta v. 333 Fifth Ave. Assoc., 65 A.D.3d 1097, 1101 885 N.Y.S.2d 350 (2d Dep't 2009); Breakaway Farm Ltd. v. Ward, 15 A.D.3d 517, 518, 789 N.Y.S.2d 730 (2d Dep't 2005).

the language and purpose of the agreement as well as the surrounding facts and circumstances, of an intention to indemnify.").

There is no question that the Lease required 9th Street Ventures to secure liability insurance on behalf of both 9th Street Ventures and Royal, of at least $1 million for injury or death to any person, and 9th Street Ventures failed to secure insurance that named Royal as an insured. Nevertheless, the instant motion is not premised on breach of contract. And, contrary to Royal's contention, the indemnification provision in the Rider does not "clearly spell out Royal's right to be indemnified for its own negligence." (Royal Mem. at 5.) The relevant provision states that the Landlord and Tenant "will hold each other harmless and indemnify each other for and against all liability damage, suits and judgments arising from any injury . . . occasioned by a negligent act or omission of either the Landlord or Tenant." (Rider ¶ 42.) This provision contains two contradictory indemnification obligations — one by 9th Street Ventures and the other by Royal. It does not make clear whether each party is required to indemnify the other only to the extent of its own negligence, or for the other's negligence as well. If anything, it suggests that the Landlord and Tenant intended to indemnify each other for their own negligence, rather than for the negligence of the other party.

12

A provision of the Lease itself supports this interpretation. Paragraph 8 of the Lease provides that "the Landlord . . . shall not be liable . . . for any injury or damages to any persons . . . resulting from any cause of whatsoever nature, unless caused or due to the negligence of Landlord." (Lease, attached as Ex. E to Declaration of Frederick D. Schmidt, Jr. in Support of Motion, dated November 24, 2010 ("Schmidt Decl."), ¶ 8.)  Moreover, the Rider explicitly states that its provisions are "in addition to and not in lieu of the provisions in the printed Lease Agreement," and only if they are in conflict should the conflict be resolved in favor of the Rider.  Given the ambiguity in the Rider indemnity provision, it cannot be said that it is in conflict with the Lease provision.

In sum, because the indemnification provision in the Rider to the Lease is ambiguous as to whether 9th Street Ventures is obligated to indemnify Royal for Royal's negligence, Royal's motion for summary judgment on its contractual indemnification claim is denied.[3]

_____

[3] There is another potential obstacle to Royal's indemnification, which neither party has addressed. Plaintiff is claiming damages for injuries in excess of the $1 million policy 9th Street Ventures secured. The Lease only required a policy in that amount to insure both 9th Street Ventures and Royal.  Should Plaintiff prevail, establish damages in excess of $1 million, and establish that Royal is responsible for in excess of $1 million in damages, the Great Northern and Hogeland cases do not resolve

13

III. <u>Common Law Indemnification</u>

Royal also claims that it is entitled to common law indemnification from 9th Street Ventures because 1) there is no evidence that it was negligent or the proximate cause of Plaintiff's injury; 2) 9th Street Ventures had exclusive control and maintenance of the stairway on which Plaintiff fell; and 3) 9th Street Ventures painted the stairway, installed the handrail on the stairway, changed the light bulbs on the stairway, put up the signs on the stairway, and opened the stairs to the public.

Common law indemnification permits a party, who has been compelled to pay for the negligence of another, to recover from the wrongdoer the damages it paid to the injured party. <u>See</u> <u>Bellefleur v. Newark Beth Israel Med. Ctr.</u>, 66 A.D.3d 807, 808, 888 N.Y.S.2d 81 (2d Dep't 2009). "Common law indemnification requires proof not only that the proposed indemnitor's negligence contributed to the

---

"whether a landlord may seek indemnification in excess of insurance limits." <u>Great Northern</u>, 7 N.Y.3d at 420 n. 4.  Indeed, the cases allowing the allocation of risk liability through the employment of insurance, assume that the insurance will afford adequate protection to the public. Where the insurance is inadequate to protect a third-party victim, the legitimacy of the landlord exempting itself from liability to the victim is placed in question. <u>Cf.</u> <u>Castano</u>, 55 A.D.3d at 772, 866 N.Y.S.2d at 702 (finding indemnification of landlord enforceable where the insurance "arrangement afforded the plaintiff adequate recourse for the injuries she sustained.").

causation of the accident, but also that the party seeking indemnity was free from negligence." <u>Martins v. Little 40 Worth Assocs., Inc.</u>, 72 A.D.3d 483, 484, 899 N.Y.S.2d 30 (1st Dep't 2010); <u>see also</u> <u>Edge Mgmt. Consulting, Inc. v. Blank</u>, 25 A.D.3d 364, 367, 807 N.Y.S.2d 353 (1st Dep't 2006) ("Common-law indemnification is predicated on vicarious liability without actual fault, which necessitates that a party who has itself participated to some degree in the wrongdoing cannot receive the benefit of the doctrine.") (internal quotation marks omitted).

Here, there are factual disputes as to whether the Landlord and Tenant were each negligent, and whether each one's negligence contributed to Plaintiff's accident.    For example, Plaintiff contends, and even Royal's expert agrees, that 9th Street Ventures was operating the bar in violation of the Certificate of Occupancy, and that Royal consented to such illegal operation. (<u>See</u> Initial Report of Richard Berkenfeld, Schmidt Decl. Ex. D, at 4-10.) The Certificate of Occupancy on file with the New York City Buildings Department authorized the operation of a theater with eating and drinking space, rather than a drinking establishment. (<u>See</u> Schmidt Decl. Ex. B.)   Moreover, there was no public assembly permit for the basement area where the bar's coat check area was located. (<u>See</u> <u>id.</u>)   There is no dispute that Royal knew that Solas was operating a drinking establishment, as the Lease provided for the operation

15

of a restaurant/bar, and it also appears that Royal knew that the basement floor was being used as a coat check area. In any event, Royal had the right to enter and examine the premises and, according to one of the owners of the bar, the landlord regularly visited the premises. (See Lease ¶ 13; Deposition of Kevin Lynch, Schmidt Ex. E, at 15-16.) Finally, according to Plaintiff's expert, the treads of the basement stairway were narrower than permitted under the New York City Building Code, and they improperly sloped downward. (See Engineering Report of Scott Silberman, Schmidt Decl. Ex. C.)

Violations of a building code may constitute negligence per se, or at least some evidence of negligence. See Miller v. Astucci U.S., Ltd., No. 04 Civ. 2201 (RMB), 2007 WL 102092, at *5 (S.D.N.Y. Jan. 16, 2007). Neither of these structural violations was created by 9th Street Ventures, and both are alleged to have contributed to Plaintiff's fall and injury. Liability for a dangerous condition is premised on ownership, as well as occupancy and control, and, thus, landowners as well as business proprietors have a duty to maintain their properties in a reasonably safe condition. Id. at *4; see also Ciminelli v. Kohl's Dep't Stores, Inc., No. CV-03-6016-ETB, 2005 WL 3388607, at *5 (E.D.N.Y. Dec. 12, 2005). Although an out-of-possession landlord "is not generally liable for negligence with respect to the condition of property after its

16

transfer of possession and control to a tenant," that is not the case where "the landlord is either contractually obligated to make repairs and maintain the premises, or has a contractual right to reenter, inspect and make needed repairs at the tenant's expense, and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision." <u>Malloy v. Friedland</u>, 77 A.D.3d 583, 583, 911 N.Y.S.2d 290 (1st Dep't 2010); <u>see also</u> <u>Lockwood v. Layton</u>, 2010 WL 4977959, at *1 (3d Dep't Dec. 9, 2010) ("[A]n out-of-possession landlord owes a duty of care to third parties only if he or she exercised some control over the land . . . assumed responsibility to maintain any portion of the premises or created a dangerous condition") (internal quotation marks omitted).   The Lease between Royal and 9th Street Ventures gave Royal the right to enter and inspect the premises and to make repairs. (<u>See</u> Lease ¶ 13.)  And, the alleged structural defects in the stairway were created by or attributable to Royal.

As for 9th Street Ventures, it was using the premises in apparent violation of the building code.  Moreover, Plaintiff and his expert contend that there was inadequate lighting on the stairs, that the handrail was difficult to grasp, and that there was inadequate signing denoting the coat check stairway, and no signs that warned to "watch your step."   Finally, because the stairs were darkly painted, it is alleged that they could not be

17

seen clearly in the dim light.  All of these alleged inadequacies were 9th Street Ventures' responsibility.

Since there are triable issues of fact as to whether Royal and/or 9th Street Ventures were negligent, and whose negligence, if any, was the proximate cause of Plaintiff's injury, Royal is not entitled to common law indemnification at this stage of the litigation.  See Smith v. New York Enter. Am., Inc., No. 06 Civ. 3082 (PKL), 2008 WL 2810182, at *8 (S.D.N.Y. July 21, 2008) ("[I]f a jury finds that the Owners breached their duty of care to [plaintiff], implied indemnification would not be available.").  Accordingly, Royal's motion for summary judgment on its claim of common law indemnification is denied.

### CONCLUSION

For the reasons set forth above, Defendant Royal's motion for summary judgment (Docket Entry # 34 ) is denied in its entirety.

So Ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: January 6, 2011
       New York, New York

18